UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANGELA LITTON as Wife and<br>TILISA LITTON, as Mother, and as Co-<br>Administrators of the Estate of<br>LARRY LITTON, Deceased.<br><br>             Plaintiffs,<br><br>             v.<br><br>NAVIEN, INC. and<br>COMFORTS OF HOME SERVICES, INC.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 4:20-cv-00251-JMS-DML<br>)<br>)<br>)<br>)<br>) |

## Order on Defendant Comforts of Home Services, Inc.'s Motion to Dismiss Punitive Damages Claim (Dkt. 17)

Defendant Comforts of Home Services, Inc. moves to dismiss the plaintiffs' punitive damages claim on the ground that punitive damages cannot be recovered as a matter of law in this case. The parties consented to the Magistrate Judge's authority to decide this dispositive motion. *See* Dkt. 26.

As explained below, binding Indiana Supreme Court authority prohibits the recovery of punitive damages under the facts alleged by the plaintiffs in their complaint. The court therefore GRANTS Comforts of Home's motion for partial dismissal.

## Analysis

In evaluating a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts and reasonable inferences from them and determines whether the

pleading states "a claim to relief that is plausible on its face." *E.g., McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 885 (7th Cir. 2012) (internal citation and quotation omitted). The pleading need only contain enough factual detail to give fair notice of the claim and the grounds on which it rests and "through [the] allegations, show that it is plausible, rather than merely speculative, that [the pleader] is entitled to relief." *Defender Security Co. v. First Mercury Ins. Co.,* 803 F.3d 327, 335 (7th Cir. 2015) (internal citations and quotations omitted).

The plaintiffs' complaint pleads sufficient factual information to give Comforts of Home fair notice, but the question is whether the factual allegations, if proven, would support a legally plausible claim for punitive damages.

## I. The Plaintiffs' Allegations

The plaintiffs' complaint alleges as follows. The plaintiffs' decedent, Larry Litton, died from carbon monoxide poisoning. Mr. Litton, who was on duty as a member of the National Guard, was taking a shower in a shower trailer on an army base premises and was found dead in the trailer. An investigation revealed that tankless water heaters (manufactured by defendant Navien, Inc.) inside the trailer were not properly ventilated and were the source of the carbon monoxide in the trailer. The trailer, manufactured by defendant Comforts of Home, was not designed to allow the kind of ventilation necessary to prevent carbon monoxide buildup. About the same time that Mr. Litton's body was found, other military personnel using the trailer started experiencing symptoms of carbon monoxide poisoning.

The plaintiffs (Mr. Litton's wife and mother, for themselves and as co-administrators of his estate) seek relief under Indiana's Wrongful Death Statute, and Mr. Litton's wife also seeks to recover for loss of consortium. The complaint seeks punitive damages. Defendant Comforts of Home argues that, as a matter of law, punitive damages are not available in this case. The court agrees with the defendant.

## II.  Under clear precedent, punitive damages are not recoverable.

The Indiana Supreme Court's decision in *Durham ex rel Estate of Wade v. U-Haul International*, 745 N.E.2d 755 (Ind. 2001), controls the resolution of the motion to dismiss. In *Durham*, a woman was killed in a highway traffic accident. Though she did not die "instantly," she died within minutes of the crash. Her husband and another man who was the father of the woman's children joined as plaintiffs in a wrongful death suit against the manufacturer of the U-Haul vehicle that had caused the crash, alleging that the vehicle's braking system had failed—the rotors were rusted and the vehicle had no brake fluid—and was a proximate cause of the crash. The husband brought a claim on behalf of his wife's estate and his own separate claim for loss of consortium. He sought punitive damages.

With respect to the husband's consortium claim, the Indiana Supreme Court held as follows:

1. "[P]unitive damages are not recoverable in an action brought under the wrongful death statute."  745 N.E.2d at 757.

2. "[T]he wrongful death statute provides the only remedy against a person causing the death of a spouse and there is no independent claim against this person for loss of consortium." *Id.*

3. "[L]oss of consortium damages [as opposed to an independent cause of action for loss of consortium] against a person causing the death of a spouse are not cut off by the death of that spouse," [but] are to be measured by the life expectancy of the deceased spouse or the surviving spouse, whichever is shorter." *Id.*

The plaintiffs argue that Ms. Litton has a cause of action for loss of consortium that is independent of her wrongful death claim, thus permitting an award of punitive damages independent of the Wrongful Death Statute. But there is simply no material distinction between the facts alleged in this case and the Supreme Court's holdings in *Durham*. Both are based on a set of facts showing that the decedent's death happened close in time with the time of the injury. In other words, there is no material period of time between injury and death to support an independent common law claim for loss of consortium during that time period.

That is in contrast to cases like *Bemenderfer v. Williams,* 745 N.E.2d 212 (Ind. 2001), where the decedent-wife had lived for three days after the negligent act of malpractice and injury (a botched surgery on December 21) that led to the woman's death on December 24. The court found that the woman's husband (who had Alzheimer's and was very dependent upon his wife) could recover consortium damages (i) under an independent, common law claim for loss of consortium

4

covering the period between the initial injury on December 21 and death on December 24 and (ii) as a remedy under Indiana's wrongful death statute for the period after the wife's death and based on his life expectancy as of that time. *Id.* at 219.

Because the plaintiffs' complaint does not make plausible that any period could exist between the time of Mr. Litton's injury and his death during which his wife could have enjoyed his services, the loss of which is compensated via loss of consortium, there is no basis for an independent common law claim for loss of consortium. The recovery in this case for loss of consortium damages begins at death and is recoverable only by virtue of Indiana's Wrongful Death Statute, which as a matter of law does not allow for the recovery of punitive damages.

## Conclusion

For the foregoing reasons, the court GRANTS defendant Comforts of Home's motion (Dkt. 17) to dismiss the plaintiffs' claim for punitive damages.

So ORDERED.

Dated: February 26, 2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system