UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANGELA LITTON, as Wife and<br>TILISA LITTON, as Mother, and as<br>Co-Administrators Of the Estate of<br>LARRY LITTON, JR., deceased.<br><br>        Plaintiff,<br><br>vs.<br><br>NAVIEN, INC., et al.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:20-cv-00251-JMS-DML<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR DAMAGES

Comes now Plaintiffs, Angela Litton, as Wife, and Tilisa Litton, as mother, and as Co-Administrators of the Estate of Larry Litton Jr., deceased, by counsel, Trevor J. Crossen, and files this Amended Complaint for Damages pursuant to I.C. 34-23-1-1 against the Defendants, Navien Inc., Johnstone Supply, Inc., and Comforts of Home Services Inc., and alleges and states as follows:

## FACTS COMMON TO ALL CAUSES OF ACTION

1.  That Angela Litton and Larry Litton were lawfully married wife and husband. They were married on November 20, 2013 in the State of Indiana.

2.  That Angela Litton and Larry Litton were residents of the City of Martinsville, State of Indiana.

3.  That Larry Litton passed away on December 7, 2019, from carbon monoxide poisoning while on duty as Corporal with the National Guard in the 384th detachment at their North Vernon Airport-COP Panther Army detachment base ("base").

4. That an Estate entitled "In the Matter of the Unsupervised Estate of Larry Litton, Jr.," was opened on March 20, 2020, under Cause No. 000059, in the Superior Court of Morgan County, State of Indiana, appointing Angela Litton and Tilisa Litton as Co-Personal Representatives/Administrators.

5. That the Defendant, Navien, Inc. ("Navien") was a foreign for-profit corporation with its principle office in Irvine, California.

6. That the Defendant, Johnstone Supply, Inc. ("Johnstone Supply") was a wholesale distributor with its principal office in Portland, Oregon.

7. That the Defendant, Comforts of Home Services, Inc. ("Comforts of Home") was a foreign for-profit corporation with its principal office in Aurora, Illinois.

8. That the accident upon which the claim is based, occurred on December 7, 2019, in or near the City of North Vernon, County of Jennings, State of Indiana.

9. That the Defendant Navien, Inc. designed and distributed NPE Series tankless water heaters ("water heaters"), two of which were installed inside a shower trailer at the base.

10. That Defendant, Johnstone Supply, was the wholesaler who sold the water heaters to the Indiana National Guard for use at the base.

11. That the Defendant Comforts of Home designed and sold or leased a shower trailer to the Indiana National Guard for use that the base.

## COUNT ONE – DEFENDANT NAVIEN, INC.

12. That Plaintiff incorporates herein by reference Rhetorical Paragraphs One (1) through Eleven (11) of Plaintiff's Complaint herein.

13. That on the evening of December 7, 2019, Larry Litton, Jr., ("Larry") was on duty with the Indiana National Guard base near North Vernon, Indiana.

14. Larry was found dead in the east shower trailer of the base on December 9, 2019. A subsequent medical exam determined his cause of death was carbon monoxide poisoning.

15. Around the same time as Larry's body was found, other military personnel using the shower trailer started experiencing symptoms of carbon monoxide poisoning.

16. Upon an investigation into the incident that caused Larry's death, an investigator determined that the tankless water heaters were the source of the high levels of carbon monoxide in the trailer.

17. Further, the same investigator determined the two Navien water heaters were installed with improper ventilation and were not set up in the field for use with a propane fuel source – the fuel source at the base.

18. The Defendant, Navien, owed a duty to its customers to provide a safe product, and in providing the water heater failed to observe this duty.

19. That the Defendant is liable for the reasonably foreseeable consequences of manufacturing and selling the water heaters.

20. That Defendant's negligence was the direct and proximate cause of Larry Litton's death.

21. That as a result of Defendants' negligence, Angela Litton, as wife and Administrator of the Estate of Larry Litton, incurred funeral expenses as well as lost wages and future lost earnings of Larry Litton.

**COUNT TWO – DEFENDANT JOHNSTONE SUPPLY, INC.**

22. That Plaintiff incorporates herein by reference Rhetorical Paragraphs One (1) through Twenty-one (21) of Plaintiff's Complaint herein.

23. That on the evening of December 7, 2019, Larry Litton, Jr., was on duty with the Indiana National Guard base near North Vernon, Indiana.

24. Larry was found dead in the east shower trailer of the base on December 9, 2019. A subsequent medical exam determined his cause of death was carbon monoxide poisoning.

25. Around the same time as Larry's body was found, other military personnel using the shower trailer started experiencing symptoms of carbon monoxide poisoning.

26. Upon an investigation into the incident that caused Larry's death, an investigator determined that the tankless water heaters were the source of the high levels of carbon monoxide in the trailer.

27. Further, the same investigator determined that two Navien water heaters were installed with improper ventilation and were not set up in the field for use with a propane fuel source – the fuel source at the base.

28. Defendant, Navien, shipped the water heaters to Johnstone Supply, on or about August 28, 2015.

29. Defendant, Johnstone Supply, sold or distributed the water heaters to the Indiana National Guard.

30. The Defendant, Johnstone Supply, Inc., owed a duty to its customers to provide a safe product, and in providing the water heater failed to observe this duty.

31. That the Defendant is liable for the reasonably foreseeable consequences of distributing and selling water heaters.

32. That Defendant's negligence was the direct and proximate cause of Larry Litton's death.

33. That as a result of Defendant's negligence, Angela Litton, as wife and Co-Administrator of the Estate of Larry Litton, incurred funeral expenses as well as lost wages and future lost earnings of Larry Litton.

**COUNT THREE – DEFENDANT COMFORTS OF HOME SERVICES, INC.**

34. That Plaintiff incorporates herein by reference Rhetorical Paragraphs One (1) through Thirty-three (33) of Plaintiff's Complaint herein.

35. That on the evening of December 7, 2019, Larry Litton was found in a shower trailer at the National Guard base.

36. That Plaintiff, Larry Litton, was a Corporal for the Indiana National Guard at their base in North Vernon, Indiana.

37. After Larry's death, an investigation was conducted into the incident that caused his death. In his report, the investigator found that the source of the carbon monoxide was from the tankless water heaters inside the trailer.

38. The investigation also concluded that the water heaters did not have proper ventilation in the trailers. The investigator found that instead of a direct vent arrangement with an intake pipe the water heaters in the trailer were using an indirect method of venting, which would require ventilation openings in an exterior wall in order to allow combustion air from the outdoors into the trailer.

39. The trailer designed and manufactured by Comforts of Home did not have ventilation openings to allow for adequate combustion air.

40. Defendant Comforts of Home knew or should have known that the design of the shower trailer presented a high risk of exposure to carbon monoxide by anyone using it and had a duty to protect potential users from the poisonous gas.

41. That the Defendant failed to observe this duty by failing to install proper ventilation in the shower trailers.

42. That the Defendant is liable for the reasonably foreseeable consequences of their failure to install these exterior ventilation openings.

43. That Defendant's negligence was the direct and proximate cause of Larry Litton's death.

44. That as a result of Defendant's negligence, Angela Litton, as wife and Administrator of the Estate of Larry Litton, incurred funeral expenses as well as lost wages and future lost earnings of Larry Litton.

**COUNT FOUR – STRICT LIABILITY AS TO NAVIEN AND JOHNSTONE SUPPLY**

45. That Plaintiff incorporates herein by reference Rhetorical Paragraphs One (1) through Forty-five (45) of Plaintiff's Complaint herein.

46. Prior to December 7, 2019, Defendant, Navien, designed, manufactured, marketed, advertised, promoted and distributed the water heaters.

47. On or about August 28, 2015, Defendant, Navien, transported, shipped, or distributed, the water heaters to Johnstone Supply.

48. Prior to December 7, 2019, Defendant, Johnstone Supply, marketed, advertised, promoted, and distributed the water heaters to the Indiana National Guard.

49. Defendant, Navien, is a seller engaged in the business as a manufacturer, retailer, wholesaler, lessor or distributor of the water heaters within in the meaning of the terms as defined by the Indiana Products Liability Act.

50. Defendant, Johnstone Supply, is a seller engaged in the business as a manufacturer, retailer, wholesaler, lessor or distributor of the water heaters within in the meaning of the terms as defined by the Indiana Products Liability Act.

51. On December 7, 2019, in Jennings County, Indiana, Larry was killed when the water heaters caused Plaintiff's death. At said time and place the water heaters were being used in a reasonably foreseeable manner by Plaintiff.

52. The water heaters are a product within the meaning of the term as defined within the Indiana Product Liability Act.

53. Defendants should be held strictly liable as the designer, manufacturers, distributor, and seller of the water heaters, which were unreasonably dangerous to expected users such as Larry.

54. The death of Larry was a direct and proximate result of the acts and omissions on the part of Defendants, Navien and Johnstone Supply.

55. As a direct and proximate result of the death of Larry the Estate is entitled to recover the following damages:

    A. Medical, hospital, nursing, rehabilitation, and related care expenses;

    B. Funeral and burial expenses;

    C. Earnings for his life expectancy;

    D. For Angela, lost love, care, and affection of her husband Larry.

## COUNT FIVE – BREACH OF WARRANTY AS TO NAVIEN, JOHNSTONE SUPPLY, AND COMFORTS OF HOMES

55. That Plaintiff incorporates herein by reference Rhetorical Paragraphs One (1) through Fifty-five (55) of Plaintiff's Complaint herein.

56. Prior to December 7, 2019, Defendants, Navien, Johnstone Supply, and Comfort of Homes, designed, manufactured, marketed, sold, and distributed the water heaters and trailer.

57. On December 7, 2019, in Jennings County, Indiana, Larry Litton, Jr., was killed when the water heaters and/or trailer caused and/or failed to protect Larry from death. At said time and place, the water heaters and/or trailer were being used in a reasonably foreseeable manner by Larry.

58. Defendants are designers, manufacturers, distributors, and sellers, as well as through its marketing of water heaters, made implied and express warranties that the water heaters and/or trailer were reasonably fit for the general uses and purposes intended and that they were free of any defects in their design or construction.

59. The death of Larry was a direct and proximate result of these actions and omissions on the part of Defendants.

60. As a direct and proximate result of the death of the Larry, Plaintiffs are entitled to recover the following damages.

    A. Medical, hospital, nursing, rehabilitation, and related care expenses both in the past and throughout his lifetime;

    B. Physical pain and mental suffering both past and future;

    C. Lost wages to the time of trial

### COUNT SIX – GROSS NEGLIGENCE /PUNITIVE DAMAGES

61. That Plaintiff incorporates herein by reference Rhetorical Paragraphs One (1) through Sixty (60) of Plaintiff's Complaint herein.

62. On December 7, 2019, in Jennings County, Indiana, Plaintiff, Larry Litton, Jr., was killed when the water heaters and/or trailer caused and/or failed to protect Larry from death. At said time and place, the water heaters and/or trailer were being used in a reasonably foreseeable manner by Larry.

63. Upon information and belief, Defendants, Navien, Johnstone Supply, and Comfort Home acted with gross negligence and in a willful and wanton manner, without regard to the safety of others.

64. The aforesaid conduct was a substantial factor in causing the injuries to Larry.

65. The death of Larry was a direct and proximate result of these actions and omissions on the part of Defendants, Navien, Johnstone Supply, and Comfort Homes.

66. As a direct and proximate result of the death of Larry Litton, Jr., Plaintiffs are entitled to recover punitive damages.

WHEREFORE, Angela Litton, as Wife, and Tilisa Litton, as Mother, and as Co-Administrators of the Estate of Larry Litton, deceased, prays and requests the Court award a judgment sufficient to compensate the Plaintiffs for the loss of Larry Litton's love and companionship and loss of financial support, incidental and consequential damages, punitive damages, attorney's fees, plus pre-judgment interest, the cost of this action post-judgment and for all other relief as is just and proper in the premises.

Respectfully submitted,

CROSSEN LAW FIRM


/s/Trevor J. Crossen
Trevor J. Crossen, #18592-49
Attorney for Plaintiffs


**CROSSEN LAW FIRM**
4661 Lisborn Drive
Carmel, IN 46033
Telephone:	(317) 939-6800
Facsimile:	(317) 939-6801
Trevor@crossenlawfirm.com